# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| JACK ELLEDGE, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 5:10-0388 |
| D. BERKEBILE,<br>Warden, FCI Beckely, | ) |
| Respondent. | ) |

## **PROPOSED FINDINGS AND RECOMMENDATION**

On March 24, 2010, Petitioner, an inmate formerly incarcerated at FCI Beckley, Beaver, West Virginia,[1] and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner argues that he is

---

[1] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beckley, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Coleman, which is located in the Middle District of Florida. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to a prison outside this District.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

being improperly denied a sentence reduction pursuant to 18 U.S.C. § 3621. (Id., pp. 2-3.) Petitioner explains that on May 4, 2009, he was sentenced to a term of 54 months for violating 21 U.S.C. §§ 841 and 846. (Id., p. 6.) Petitioner acknowledges that he received a "two-level enhancement for possession of a firearm in furtherance of drug trafficking." (Id., p. 4) Petitioner alleges that he entered RDAP in October, 2009, and was scheduled to complete the program in July, 2010. (Id., p. 6.) Petitioner states he was notified by RDAP staff on January 14, 2010, that he was "ineligible for early release pursuant to 18 U.S.C. § 3621(e) because his current conviction: (1) involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives, as established in 28 C.F.R. § 550.55(b)(5)(ii); (2) by its nature or conduct presents a serious potential risk of physical force against the person or property of another, as established in 28 C.F.R. § 550.55(b)(5)(iii); (3) is an attempt, conspiracy, or other offense which involved an underlying offense to commit any precluding offense, as established in 28 C.F.R. § 550.55(b)." (Id., pp. 6 - 7.) Petitioner asserts that 28 C.F.R. § 550.55 and Program Statement 5331.02 "categorically exclude prisoners without adequate rationale." (Id., p. 9.) Thus, Petitioner argues "that denying early release eligibility based on an enhancement for possession of a weapon pursuant to U.S.S.G. § 2D1.1(b)(1) is arbitrary and capricious, an abuse of the BOP's discretion and a violation of § 706 of the APA." (Id.) Petitioner contends that his sentencing enhancement does not constitute a conviction as defined by 28 C.F.R. § 550.55(b) and P.S. 5331.02. (Id., pp. 9 - 10.) Petitioner, therefore, claims "the BOP has denied [him] early release based on an enhancement, not a conviction." (Id., 10.) Finally, Petitioner argues that "[t]he BOP has failed to establish valid rationale for its categorical exclusion rule." (Id., pp. 11 - 12.) As exhibits, Petitioner attaches the following: (1) A copy of Program Statement 5331.02 (Id., pp. 13 - 15.); (2) A copy of Petitioner's "Request for § 3621(e) Offense Review" (Id., p. 16.); (3)

2

A copy of Petitioner's "Change in RDAP and § 3621(e) Status" (Id., pp. 17 - 19.).

## DISCUSSION

Petitioner asserts that the BOP erred by considering his sentence enhancement for possession of a dangerous weapon when determining whether he qualified for early release under the RDAP. (Document No. 1.)

Title 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program as follows:

> **(2) Incentive for prisoner's successful completion of treatment program. - -**
>
> **(A) Generally.** – Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has recurred.
>
> **(B) Period of custody.** - - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility for

3

early release. Rather, the statute vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining eligibility for early release. 28 C.F.R. § 550.55[3] provides in part that inmates whose current felony offense is a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or "by its nature or conduct, presents a serious potential risk of

---

[3] Title 28, C.F.R. § 550.55 sets forth in part, the following eligibility requirements:

(a) Eligibility. Inmates may be eligible for early release by a period not to exceed twelve months if they:
    (1) Were sentenced to a term of imprisonment under either:
        (i) 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense; or
        (ii) D.C. Code § 24-403.01 for a nonviolent offense, meaning an offense other than those included within the definition of "crime of violence" in D.C. Code § 23-1331(4); and
        (iii) Successfully complete a RDAP, as described in § 550.53, during their current commitment.

(b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
    * * *
    (5) Inmates who have a current felony conviction for:
    * * *
    (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
    (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
    * * *
(c) Early release time-frame.
    (1) Inmates so approved may receive early release up to twelve months prior to the expiration of the term of incarceration, except as provided in paragraphs (c)(2) and (3) of this section;
    (2) Under the Director's discretion allowed by 18 U.S.C. 3621(e), we may limit the time-frame of early release based upon the length of sentence imposed by the Court;
    (3) If inmates cannot fulfill their community-based treatment obligations by the presumptive release date, we may adjust provisional release date by the least amount of time necessary to allow inmates to fulfill their treatment obligations.

physical force against the person or property of another" are ineligible for early release consideration. 28 C.F.R. § 550.55(b)(5)(ii) and (iii). The BOP explains this eligibility criteria in Program Statement [P.S.] 5331.02 stating that an inmate "shall be precluded from receiving certain Bureau program benefits" when the inmate's current offense is a felony that "[i]nvolved the carrying, possession, or use of a firearm or other dangerous weapon or explosive." P.S. 5162.05 § 4 identifies offenses that at the director's discretion shall preclude an inmate's receiving certain Bureau Program benefits. Section 4(b) of P.S. 5162.05 provides that a person convicted of a drug offense under 21 U.S.C. § 841 and 846, who has received a two-level sentencing enhancement for possession of a firearm or dangerous weapon has been convicted of an "offense that will preclude the inmate from receiving certain Bureau program benefits." Accordingly, P.S. 51620.05 precludes early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B), for any inmate whose drug conviction under 28 U.S.C. § 841 or 846 was enhanced based upon possession of a dangerous weapon because "possession of a dangerous weapon during the commission of a drug offense poses a substantial risk that force may be used against persons or property." P.S. 51620.05 § 4.

Although Petitioner contends that the BOP did not have authority to classify his drug conviction as a "crime of violence" rendering him ineligible for early release consideration pursuant to 18 U.S.C. § 3621(e), the express language of the statute clearly vests the BOP with broad discretion to make such a determination. However, because Congress failed to define " a nonviolent offense" for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.55, as applied through Program Statement 5162.05 and 5331.02, represent a reasonable interpretation of the statute.

In reviewing an agency's interpretation of a statute, it is well settled that the Court must first

5

determine "whether Congress has spoken directly to the precise question at issue." Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. If Congress' intent is not clear however, then the statute is ambiguous and the question for the Court becomes "whether the agency's answer is based on a permissible construction of the statute." Id. at 842, 104 S.Ct. at 2782. The Court must accord "substantial deference" to the agency's reasonable interpretation of a statute Congress has charged it with administering, unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844-45, 104 S.Ct. at 2782-83. When the agency's regulatory action is not subject to the Administrative Procedures Act [APA], 5 U.S.C. § 553, however, deference due under Chevron is inapplicable and the agency's interpretation is only "entitled to some deference. . . [so long as] it is a 'permissible construction of the statute.'" See Reno v. Koray, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995); see also, Fuller v. Moore, 1997 WL 791681 (4th Cir. Dec. 29, 1997)(BOP program statements are not subject to the rigors of the APA and therefore, are only entitled "some deference."). Although the Supreme Court did not explain the difference between "substantial deference" and "some deference," the Eleventh Circuit explained the meaning of "some deference" as follows:

> We do not think it is obvious, however, that "some deference" means there are occasions in which we should uphold the interpretation contained in a BOP program statement, even though it is different from the one we would reach if we were deciding the matter *de novo*. If that were not true, "some deference" would be the same as "no deference," and that would render the Supreme Court's word in Koray meaningless.

Cook v. Wiley, 208 F.3d 1314, 1319-20 (11th Cir. 2000). In Christensen v. Harris County, 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000), in declining to defer to an agency's interpretation

6

contained in an opinion letter, the Supreme Court stated:

> Interpretations such as those in opinion letters -- like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law -- do not warrant Chevron-style deference. Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944), but only to the extent that those interpretations have the 'power to persuade.'

Christensen, 529 U.S. at 587, 120 S.Ct. at 1662 (citations omitted); see also United States v. Mead Corp., 533 U.S. 218, 235, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)(new policy is entitled only "some deference" or "respect proportional to 'its power to persuade.'"). The BOP's interpretation as expressed in 28 C.F.R. § 550.55 is subject to the notice and comment provisions of the APA and therefore, the undersigned finds that the interpretation is entitled substantial deference. Program Statements 5162.05 and 5331.02, however, are not subject to the APA and therefore, are entitled to respect to the extent that it has power to persuade. Under this framework, the undersigned finds that the BOP's interpretations of Section 3621(e) and P.S. 5162.05 and 5331.02 are "permissible constructions of the statute" and are in accord with its plain meaning and legislative intent.

Section 3621(e) states that the sentence of an inmate "convicted of a non-violent offense . . .*may* be reduced by the Bureau of Prisons." 18 U.S.C. § 3621(e)(2)(B)(emphasis added). The legislative history indicates that part of the reason in passing Section 3621, was ultimately to reduce the recidivism rate of substance abusers by providing an incentive for inmates to obtain drug treatment. See Residential Substance Abuse Treatment in Federal Prisons, P.L. 103-322, Violent Crime Control and Law Enforcement Act of 1994, H.R. Rep. No. 103-320, at 2 (1993). The "non-violent offense" language, however, was inserted to ensure that inmates likely to commit violent crimes do not receive early release. Id. Other than alluding to the BOP's discretionary authority in awarding early release, the legislative history does not provide any further insight into whether the

7

BOP could categorically exclude certain inmates from early release. Accordingly, the undersigned must determine under the second step of the Chevron analysis whether the BOP's interpretation of Section 3621(e) is a reasonable and permissible construction of the statute.

The BOP's interpretation of Section 3621(e) and establishment of eligibility criteria is entitled substantial deference. The undersigned finds that in view of the statute's complete silence on eligibility, the BOP's interpretation is not inconsistent with the language of the statute as a whole. The statute provides that the BOP may reduce the sentence of an inmate convicted of a nonviolent offense. The BOP has construed this language to mean that inmates who receive a sentence enhancement for possession of a firearm in connection with the commission of a drug offense should not be rewarded with a one year early release. See 28 C.F.R. § 550.55, P.S. 5162.05, P.S. 5331.02. In promulgating Section 550.55, the BOP explained in pertinent part as follows: "The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentence." Drug Abuse Treatment Program, 74 Fed.Reg. 1892, 1895 (Jan. 14, 2009). In Lopez v. Davis, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), the United States Supreme Court determined that the BOP had not abused its discretion in promulgating Section 550.58 (1997 regulation) because the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggest his readiness to resort to life-endangering violence." Lopez v. Davis, 531 U.S. 230, 244, 121 S.Ct. 714, 724, 148 L.Ed.2d 635 (2001)("[T]he Bureau may categorically exclude prisoners based on their preconviction conduct . . .."). The undersigned notes that effective March 16, 2009, 28 C.F.R. § 550.58 was modified slightly and redesigned as 28 C.F.R. § 550.55. Section 550.55 is

8

essentially identical to Section 550.58, but contains a detailed rationale as to why inmates who have been convicted of carrying, possessing, or using a firearm in connection with a drug trafficking offense are ineligible for consideration for early release. See Hicks v. Federal Bureau of Prisons, 603 F.Supp. 2d 835 (D.S.C. 2009)(When applying Section 550.55, Petitioner's APA challenge fails because the new regulation merely clarifies the BOP's position), aff'd, 358 Fed.Appx. 393 (4th Cir. 2009), cert. denied, ___ S.Ct. ___, 2010 WL 1990779 (2010); also see Holland v. Federal Bureau of Prisons, 2009 WL 2872835 (D.S.C. Sept. 2, 2009)(slip copy)(finding that petitioner's petition should be dismissed because (1) his claim "based on *Arrington's* conclusion that § 550.58 violated the APA fails because the regulation satisfies the Fourth Circuit's requirement that the agency's rationale be 'reasonably discernable,'" and (2) "the newly adopted § 550.55 contains a detailed explanation"). The undersigned, therefore, finds that the BOP's interpretation of Section 3621(e) is reasonable and permissible. Accordingly, Petitioner's Section 2241 Application challenging the BOP's early release eligibility criteria must be dismissed.[4]

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**,

---

[4] Petitioner fails to indicate whether he properly exhausted his administrative remedies. (Document No. 1.)

9

and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: February 16, 2011.

R. Clarke VanDervort
United States Magistrate Judge